```
           IN THE UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF GEORGIA
                    COLUMBUS DIVISION
```

| | |
|---|---|
| JESSICA SMITH, | * |
| Plaintiff, | * |
| vs. | * |
| | *    CASE NO. 4:24-cv-46 (CDL) |
| COLUMBUS TECHNICAL COLLEGE, *et al.*, | * |
| | * |
| Defendants. | * |
| | * |

## O R D E R

Jessica Smith was an English instructor at Columbus Technical College, a division of the Technical College System of Georgia (the "System"). Smith brought this action against the System and several Columbus Tech employees, alleging that she was subjected to a hostile work environment and other discrimination based on her sex and race and was retaliated against for complaining about it, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Smith also claims that her supervisor interfered with her rights under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq*. Pending before the Court are the System's partial motion to dismiss and the employee defendants' motion to dismiss. For the following reasons, those Motions (ECF Nos. 19 & 20) are granted. Smith's FMLA interference claim is dismissed in its entirety, as are her Title VII claims against all Defendants other than the System.

MOTION TO DISMISS STANDARD

"To survive a motion to dismiss" under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  In other words, the factual allegations must "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims.  *Id.* at 556.  But "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable.'" *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 556).  Pleadings from *pro se* litigants like Smith are "held to a less stringent standard than pleadings drafted by attorneys" and thus are more liberally construed.  *Jacob v. Mentor Worldwide, LLC*, 40 F.4th 1329, 1338 (11th Cir. 2022) (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)).

FACTUAL BACKGROUND

Smith alleges the following facts in support of her claims. The Court must accept these allegations as true for purposes of the pending motion.

2

Jessica Smith is a black woman who worked as a full-time English instructor at Columbus Tech, a unit institution of the System. She alleges that between 2020 and 2023, her supervisors Kelli Wilkes and William Burgan, who are both white, subjected her to "unequal work conditions, hostile work environment, harassment, discrimination[,] and retaliation." Am. Compl. ¶ 36, ECF No. 16.

In March 2022, Smith went to the office of Henry Gross, Columbus Tech's human resources director, to report Wilkes "for derogatory drug allegations, hostile work environment, and harassment." *Id.* ¶ 20. As she attempted to exit, Gross allegedly closed the office door, "pulled [Smith] by her hand and brought her closer to his body and began kissing [her] in the mouth while he groaned and became erect." *Id.* ¶ 23. Smith broke away from Gross and went to her office, where she cried and felt "violated and disgusted." *Id.* ¶ 25. Later the same day, Gross called Smith's cell phone and asked if he could meet her after work to talk at a Walmart Supercenter. Smith agreed and drove to the Walmart. She stayed in her car, and Gross got into the car on the passenger side. Gross then allegedly began "kissing [Smith] in the mouth" and "sexually assaulted [Smith] by digital penetration to the vagina." *Id.* ¶¶ 31-32. Smith left the Walmart "feeling assaulted, disgusted, and afraid [for her] safety in the workplace as well as [her] job security." *Id.* ¶ 34.

On April 20, 2022, Smith met with Columbus Tech President Martha Todd to report Wilkes and Burgan for "unequal work conditions, hostile work environment, harassment, discrimination[,] and retaliation." *Id.* ¶ 36. Smith had previously reported these issues to Todd "on numerous occasions" and had filed at least two charges of discrimination with the Equal Employment Opportunity Commission. *Id.* The Complaint does not contain any details about the prior reports or the substance of the EEOC charges. During the April 2022 meeting, Smith told Todd that Wilkes had falsely accused her of using drugs and that Wilkes had stopped using Smith's title and name—simply calling Smith "her." *Id.* ¶¶ 37-38.

In February 2023, Columbus Tech assigned C.M., a black woman, to office space just outside Smith's office door. Wilkes and a white colleague, L.S., targeted C.M. with aggressive and intimidating behavior. C.M. reported the incident to human resources, and she was assigned to new office space. Smith told co-workers in the English department and the human resources department that witnessing the "altercation" between Wilkes, L.S., and C.M. caused her "panic attacks" and made her "uncomfortable." *Id.* ¶ 49.

In May 2023, Smith informed Burgan that she was scheduled for foot surgery, and she submitted the required FMLA paperwork to him. After the surgery, though, Smith learned that Burgan had not

4

submitted the forms to the human resources department, so she emailed the leave forms to a human resources representative. According to Smith, Burgan "intentionally interfered with [her] FMLA paperwork submission in direct retaliation for previous complaints" she made against him for discrimination. *Id.* ¶ 55. Smith did not make any specific allegations about the ramifications of Burgan's failure to submit the forms.

Smith received a new performance evaluation from Wilkes in June 2023. She asserts that Wilkes "lowered" her performance evaluation scores "in retaliation to the complaints filed." *Id.* ¶ 56. Two months later, in August 2023, Smith filed a formal complaint with the System alleging a hostile work environment, sexual harassment, and retaliation. Shortly after she filed the formal complaint, Smith was interviewed by an investigator named Brannon Jones. During the interview, Smith provided details about the alleged sexual harassment by Gross. Four days after the interview, on August 14, 2023, Smith submitted a letter of resignation to Columbus Tech, citing the following reasons for her resignation: "work environment, sexual harassment, intimidation, and isolation[,] all of which exasperated [her] medical state." *Id.* ¶ 67.

Smith filed this action, naming as Defendants Columbus Tech, the System, Henry Gross in his official capacity, Kelli Wilkes, and William Burgan. Smith asserts five counts—"Sexual Assault,"

5

"Retaliation & Discrimination report to President Martha Todd," "Hostile Work Environment," "FMLA Interference," and "Retaliation." *See generally* Am. Compl. Smith invokes Title VII as the basis for her claims "for sexual harassment and sexual abuse, discrimination, [and] retaliation." *Id.* ¶ 1. She also asserts a claim under the FMLA for "FMLA Interference." *Id.* ¶¶ 50-54. Smith's Complaint does not specify which claims are against which Defendants.

DISCUSSION

Two motions to dismiss are pending before the Court. First, the System filed a partial motion to dismiss only the FMLA claims against it and Columbus Tech (ECF No. 19). Second, Columbus Tech employees Kelli Wilkes and William Burgan filed a motion to dismiss all individual capacity claims against them (ECF No. 20).[1] The Court addresses each motion in turn.

**I.   FMLA Claim Against the System**

The System argues that it is entitled to Eleventh Amendment immunity on any FMLA damages claims against it. This argument also applies to the claims against Henry Gross in his official capacity because official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent," so an official capacity suit is "to be

---

[1] Henry Gross joined in this motion, but Smith only asserted official capacity claims against him. As discussed below, those claims are construed as claims against his employer, the System.

6

treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)). For the sake of clarity, the Court dismisses the claims against Henry Gross in his official capacity because such claims are already asserted as claims against the System. *See Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991) (per curiam) (affirming District Court's grant of a directed verdict to officially named defendants where the government remained a defendant as to the same claim because "[t]o keep both the City and the officers sued in their official capacity as defendants . . . would [be] redundant and possibly confusing to the jury."). The Title VII claim against the System remains pending, although the FMLA interference claim against the System must be dismissed for the reasons explained below.

The Eleventh Amendment bars suits in federal court against a state and its departments unless Congress abrogated immunity, or the state consented to suit in federal court. *Nichols v. Ala. State Bar*, 815 F.3d 726, 731 (11th Cir. 2016) (per curiam). Smith does not dispute that the System is a department of the State of Georgia. *See* O.C.G.A. § 20-4-14(b)-(c) (establishing the System as a statewide department to provide technical education). As such, it is entitled to Eleventh Amendment immunity unless Congress abrogated the immunity or Georgia waived it. *See Wells v. Columbus Tech. Coll.*, 510 F. App'x 893, 895-96 (11th Cir. 2013) (affirming

dismissal of claim against Columbus Tech because it was a state entity for Eleventh Amendment purposes).

The FMLA entitles eligible employees to take self-care medical leave for the employee's own serious health condition, and it creates a private right of action against an employer that interferes with an employee's FMLA rights. 29 U.S.C. § 2617(a)(1); 29 U.S.C. § 2615(a)(1). Congress did not abrogate the States' Eleventh Amendment Immunity for claims under the FMLA's self-care provisions.[2] *Coleman v. Ct. of Appeals of Md.*, 566 U.S. 30, 33 (2012). There is no indication that Georgia consented to a suit for damages under the FMLA. Accordingly, Smith's FMLA claim for damages against the System must be dismissed.

The Court recognizes that the Eleventh Amendment does not prevent federal courts from granting prospective injunctive relief against State officials. *Ex parte Young*, 209 U.S. 123, 155-56 (1908) ("[O]fficers of the state . . . may be enjoined by a Federal court of equity."). In her prayer for relief, Smith seeks "an injunction prohibiting Defendants from engaging in unlawful employment practices." Am. Compl. at 11. But she does not allege an ongoing violation of federal law or seek prospective injunctive relief such as reinstatement. Accordingly, the *Ex parte Young*

---

[2] Congress did abrogate Eleventh Amendment immunity for claims under the FMLA's family-care provisions, but Smith does not assert a claim that her employer interfered with her right to family leave. *Nev. Dep't of Hum. Res. v. Hibbs*, 538 U.S. 721, 725 (2003).

8

doctrine does not save Smith's FMLA claims. *See Green v. Mansour*, 474 U.S. 64, 68 (1985) (explaining that the Supreme Court has "refused to extend the reasoning of [*Ex parte*] *Young* . . . to claims for retrospective relief").

## II. Claims Against Columbus Tech

In addition to her claims against the System, Smith named Columbus Tech as a Defendant. But Columbus Tech is not a separate legal entity capable of being sued. Legal capacity to be sued is determined according to state law. Fed. R. Civ. P. 17(b)(3). Under O.C.G.A. § 20-4-14(b), the System has authority to "exercise state level leadership, management, and operational control over schools" such as Columbus Tech, and unit schools are not separate legal entities from the state institutions that govern them. *See Bd. of Regents v. Doe*, 630 S.E.2d 85, 87 (Ga. Ct. App. 2006) (holding that Georgia Tech "cannot sue or be sued in its own capacity" because it is "not a separate or distinct legal entity" from the Board of Regents of the University System of Georgia). Therefore, Smith already sued the correct entity: the Technical College System of Georgia. Her claims against Columbus Tech are dismissed.

## III. Individual Capacity Claims Against Wilkes and Burgan

Finally, Smith asserts Title VII and FMLA claims against her former supervisors Wilkes and Burgan in their individual

9

capacities. Wilkes and Burgan argue that the individual capacity claims should be dismissed.

Title VII makes it unlawful for an "employer" to discriminate against any individual in the terms and conditions of employment because of her race or sex. 42 U.S.C. § 2000e-2(a)(1); *see also* 42 U.S.C. § 2000e(b) (defining "employer" as a person or entity who has fifteen or more employees). "The relief granted under Title VII is against the *employer*, not individual employees whose actions would constitute a violation of the Act." *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991). Accordingly, individual capacity Title VII suits against supervisory employees are "inappropriate." *Id.* The Court thus dismisses Smith's Title VII claims against Wilkes and Burgan in their individual capacities.[3]

Like Title VII, the FMLA applies to "employers." The FMLA makes it "unlawful for any employer to interfere with" an employee's FMLA rights. 29 U.S.C. § 2615(a)(1); *see also* 29 U.S.C. § 2611(4)(A)(i) (defining "employer" as a person or entity with fifty or more employees). Although the FMLA does define "employer" to include "any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer,"

---

[3] To the extent Smith asserted *official* capacity claims against Wilkes and Burgan, those claims are properly construed as claims against the System, which is already a Defendant in this action.

10

29 U.S.C. § 2611(4)(A)(ii)(I), the Eleventh Circuit has concluded that the term "employer" does not include "a public official sued in his or her individual capacity." *Wascura v. Carver*, 169 F.3d 683, 687 (11th Cir. 1999). Thus, binding authority establishes that public officials like Wilkes and Burgan are not "employers" within the meaning of the FMLA, and the Court dismisses Smith's FMLA claims against Wilkes and Burgan in their individual capacities.

## CONCLUSION

For the reasons set forth above, the Court grants the Partial Motion to Dismiss (ECF No. 19) as to Smith's FMLA claim against the System. The Court also grants the Motion to Dismiss (ECF No. 20) the FMLA and Title VII claims against Gross in his official capacity and Wilkes and Burgan in their individual capacities. Only the Title VII claim against the System remains pending.

IT IS SO ORDERED, this 30th day of January, 2025.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA